UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIE FLOOD | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION No. 06 CV 2980 |
| | ) | |
| v. | ) | |
| | ) | |
| KEVIN CAREY, | ) | **AMENDED COMPLAINT** |
| CITY OF CHICAGO, and | ) | |
| OTHER UNKNOWN or UNNAMED | ) | **JUDGE MORAN** |
| INDIVUDUALS OR CORPORATIONS | ) | |
| | ) | |
| Defendants. | ) | **JURY DEMAND** |

This is an action for money damages against Kevin Carey and the City of Chicago for violations of the plaintiff's constitutional rights. Plaintiff alleges that defendants unlawfully assaulted, unreasonably searched and seized, and unlawfully arrested and confined him in violation of his constitutional rights. Plaintiff also alleges that Defendant Carey assaulted him and that Defendant Chicago is also liable for such assault.

Plaintiff, Willie Flood, by and through his attorney, D. Renee Jackson, alleges:

1. Plaintiff, Willie Flood, is a citizen of the United States of America and a resident of the City of Chicago, County of Cook, State of Illinois.

2. Defendant, Kevin Carey ("Carey") is a police officer of the City of Chicago, County of Cook, State of Illinois. Defendant Carey is also a resident of such city, county and state.

3. Defendant, City of Chicago ("Chicago") is a municipal corporation within the City of Chicago, County of Cook, State of Illinois. Defendant, Chicago is also a resident of such city, county and state.

4. Defendant Chicago, at all times relevant to this complaint, employed Defendant Carey as a police officer.

5. This action arises under the United States Constitution, particularly the provisions of the Fourth and Fourteenth Amendments to the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983.

6. The court has jurisdiction of this cause under Title 28 of the United States Code, Section 1331. Plaintiff further invokes the supplemental jurisdiction of this court to consider claims arising under state law.

7. Each of the acts of defendants alleged in this complaint were done by defendants under the color and pretense of the statutes, ordinances, regulations, customs and usage of the State of Illinois, City of Chicago and County of Cook, and under the authority of their office as police officers for the City of Chicago on or about May 5, 2006.

## BACKGROUND

8. On or about May 5, 2006, at approximately 4 a.m., Plaintiff, an African American, was lawfully driving his vehicle in the City of Chicago at or near 7200 South Western Avenue.

9. On or about May 5, 2006, at approximately 4 a.m. Defendant Carey, a Caucasian, was unlawfully driving a vehicle in the City of Chicago at or near 7200 South Western Avenue.

10. On or about May 5, 2006, at approximately 4 a.m., Defendant Carey, while driving a vehicle, violently and intentionally attempted to run Plaintiff's vehicle off the road.

11. On or about May 5, 2006, at approximately 4 a.m. Defendant Carey while driving a vehicle, violently and intentionally chased Plaintiff's vehicle from the south side of Chicago to the north side of Chicago, without cause or justification.

12. On or about May 5, 2006, at approximately 4:30 a.m., Defendant Carey, while driving, pointed a handgun at Plaintiff, while driving.

13. On or about May 5, 2006, at approximately 4:30 a.m., Plaintiff used his cellular phone to call 911 emergency services for assistance.

14. On or about May 5, 2006, at approximately 4:30 a.m., Plaintiff was connected to Defendant Chicago 911 emergency services ("911") and explained the allegations set forth above.

15. Defendant Chicago 911 personnel placed Plaintiff on hold and then advised Plaintiff that his call would be transferred to the Illinois State Police because he was on an expressway.

16. An employee of the Illinois State Police then directed Plaintiff to exit the expressway at or about Lawrence Avenue on the north side of Chicago and drive to the nearest police station.

17. Before locating the police station as directed by an employee of the Illinois State Police, Plaintiff observed a parked and clearly marked Defendant Chicago police department wagon at or about 2600 North Logan Avenue.

18. Plaintiff remained on the phone with the Illinois State Police until he exited his vehicle to alert Defendant Chicago police officers.

19. Plaintiff exited his vehicle and advised Defendant Chicago police officers, wearing official uniforms, insignia and badges of Defendant Chicago, that he was being violently chased by a man with a gun.

20. Defendant Chicago officers did not respond to Plaintiff's concern.

21. Defendant Carey subsequently arrived at or near 2600 North Logan Avenue and exited his vehicle with a handgun drawn.

FIRST CAUSE OF ACTION

22. The allegations set forth in paragraph 1 through 21 inclusive, are incorporated herein as if fully set forth.

23. Defendant Carey and other unknown Defendant Chicago police officers drew and pointed their weapons at Plaintiff at or near 2600 North Logan Avenue.

24. Defendant Carey and other unknown Defendant Chicago police officers then seized Plaintiff by ordering him to lie on the ground and handcuffing him without warrant, probable cause or any lawful cause.

25. Defendant Carey and other unknown Defendant Chicago police officers then searched Plaintiff's person without warrant or probable cause.

26. Defendant Carey and other unknown Defendant Chicago police officers then searched Plaintiff's vehicle without warrant or probable cause.

27. In subjecting Plaintiff to an unreasonable search and seizure without warrant, probable cause or justification, Defendants violated plaintiff's rights under the laws of the constitution of the United States, in particular the Fourth and Fourteenth amendments.

28. As a direct and proximate result of the above described unlawful acts of Defendants, committed under color of their authority as police officers, Plaintiff was put in fear of his life and has suffered great pain, mental anguish and compensatory damages, all of which is in violation of his rights under the laws of the United States Constitution of the United States, in particular the Fourth and Fourteenth amendments.

SECOND CAUSE OF ACITON

29. The allegations set forth in paragraph 1 through 28 inclusive, are incorporated herein as if fully set forth.

30. The search of Plaintiff's person and Plaintiff's vehicle did not reveal any incriminating or dangerous articles.

31. Defendant Carey and other unknown Defendant Chicago police officers then further seized Plaintiff, by placing him in the back of an officially marked Defendant Chicago police department vehicle, transporting him, while handcuffed, to a Defendant Chicago police department station for interrogation without warrant or probable cause.

32. Unknown Defendant Chicago police officers then drove Plaintiff's vehicle to a Defendant Chicago police station.

33. In subjecting Plaintiff to an unlawful arrest without warrant, probable cause or justification, Defendants violated plaintiff's rights under the laws of the constitution of the United States, in particular the Fourth and Fourteenth amendments.

34. As a direct and proximate result of the above described unlawful acts of defendants, committed under color of their authority as police officers, plaintiff was put in fear of his life and has suffered great pain, mental anguish and compensatory damages, all of

which is in violation of his rights under the laws of the United States Constitution of the United States, in particular the Fourth and Fourteenth amendments.

## THIRD CAUSE OF ACTION

35. The allegations set forth in paragraph 1 through 34 inclusive, are incorporated herein as if fully set forth.
36. Unknown Defendant Chicago police department officers handcuffed Plaintiff to a railing inside a Defendant Chicago station, without a warrant or probable cause.
37. Defendant Carey and other unknown Defendant Chicago officers failed to give Plaintiff Miranda warnings.
38. Plaintiff was never informed of the nature and cause of any of charges against him.
39. No criminal charges were ever instituted against Plaintiff in connection with the, assault, arrest, search, seizure and confinement to which Plaintiff was subjected as set forth in this complaint.
40. In subjecting plaintiff to unlawful confinement without warrant, probable cause or justification, defendants violated plaintiff's rights under the laws of the constitution of the United States, in particular the Fourth and Fourteenth amendments.
41. As a direct and proximate result of the above described unlawful acts of defendants, committed under color of their authority as police officers, plaintiff was put in fear of his life, and has suffered great pain, mental anguish and compensatory damages, all of which is in violation of his rights under the laws of the United States Constitution of the United States, in particular the Fourth and Fourteenth amendments.

## FOURTH CAUSE OF ACTION

42. The allegations set forth in paragraph 1 through 41 inclusive, are incorporated herein as if fully set forth.
43. Defendant Carey used a Defendant Chicago police department issued weapon to threaten Plaintiff.
44. Defendant Carey acted in his official capacity as a Defendant Chicago police officer and used his position and power to effectuate the unlawful assault, arrest, search, seizure and confinement of plaintiff in violation of his constitutional rights.

45. As a direct and proximate result of Defendant Chicago and Defendant Carey's unlawful assault, unlawful arrest, unreasonable search and seizure, and unlawful confinement, plaintiff was has suffered great pain, mental anguish and compensatory damages.

### FIFTH CAUSE OF ACTION

46. The allegations set forth in paragraph 1 through 45 inclusive, are incorporated herein as if fully set forth.
47. Defendant Chicago unknown police officers, acting as agents and on behalf of Defendant Chicago, within the scope of their employment utilized customary practices of the Defendant Chicago and unlawfully assaulted, arrested, searched, seized and confined plaintiff in violation of his constitutional rights.
48. As a direct and proximate result of defendant's assault, unlawful arrest, search, seizure and confinement, plaintiff has suffered great pain, mental anguish and compensatory damages.

### SIXTH CAUSE OF ACTION

49. The allegations set forth in paragraph 1 through 48 inclusive, are incorporated herein as if fully set forth.
50. Defendant Chicago through unknown officers, wearing official uniforms, insignia and badges of Defendant Chicago police department, violently and intentionally pointed handguns at Plaintiff, placing him in fear of his life.
51. As a proximate result of defendant's assaultive actions, plaintiff has suffered great pain, mental anguish and compensatory damages.

### SEVENTH CAUSE OF ACTION

52. The allegations set forth in paragraph 1 through 51 inclusive, are incorporated herein as if fully set forth.
53. Defendant Chicago 911 transferred Plaintiff's emergency call to the Illinois State Police front desk not the Illinois State Police 911 emergency services.

54. At all times relevant, Defendant Chicago 911 was aware that Plaintiff continued to be chased and threatened by Defendant with a handgun in his possession.

55. At all times relevant, Defendant Chicago 911 was aware or should have been aware that Plaintiff's life and safety were in jeopardy.

56. Defendant Chicago through its 911 emergency services owed a duty to plaintiff to provide emergency services including resource coordination and coordinating positive handoff of responsibility to the Illinois State Police.

57. Defendant Chicago through its 911 emergency services breached this duty to plaintiff.

58. As a direct and proximate cause of Defendant Chicago's negligent actions, Plaintiff suffered emotional distress and compensatory damages.

EIGTH CAUSE OF ACTION

59. The allegations set forth in paragraph 1 through 58 inclusive, are incorporated herein as if fully set forth.

60. Defendant Chicago through unknown police officers abused their position of power by falsely arresting Plaintiff and handcuffing Plaintiff to a rail within a police station.

61. Such abuse of power was extreme and outrageous.

62. Defendant Chicago police officers knew or should have known that such abuse of power would inflict a severe amount of stress on Plaintiff.

63. As a result of Defendant Chicago police officer's actions Plaintiff suffered extreme emotional distress and compensatory damages.

NINTH CAUSE OF ACTION

64. The allegations set forth in paragraph 1 through 63 inclusive, are incorporated herein as if fully set forth.

65. Defendant Carey operated a vehicle unlawfully, violently and intentionally in attempt to run Plaintiff's vehicle off the road, placing him in fear of his life.

66. Defendant Carey operated a vehicle unlawfully, violently and intentionally, by chasing Plaintiff's vehicle for over 20 miles, placing him in fear of his life.

7

67. Defendant Carey was subsequently charged with driving under the influence of alcohol, a primary offense of aggravated assault and a secondary offense of armed with a handgun.

68. As a direct and proximate result of defendant's assaultive actions, plaintiff has suffered great pain, mental anguish and compensatory damages.

## TENTH CAUSE OF ACTION

69. The allegations set forth in paragraph 1 through 68 inclusive, are incorporated herein as if fully set forth.

70. Defendant Carey's act of intentionally and violently attempting to run Plaintiff's vehicle off the road, chasing Plaintiff's vehicle for over 20 miles and pointing a handgun at Plaintiff was extreme and outrageous.

71. Defendant Carey knew or should have known that his actions would inflict a severe amount of stress on Plaintiff.

72. Plaintiff suffered severe emotional distress and compensatory damages as a result of Defendant Carey's actions.

WHEREFORE, plaintiff prays for judgment against defendants, jointly and severally, for compensatory damages in an amount proved at trial and for punitive damages in an amount proved at trial, plus costs of this action, attorney fees and such other relief as the court deems fair and appropriate under the circumstances.

_____

D. Renee Jackson
Attorney for Plaintiff
P.O. Box 2723
Orland Park, Illinois 60462

(708) 359-5233

9